IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SONO INTERNATIONAL CO., LTD., | § § | No. 34, 2026 |
| | § | |
| Defendant Below, | § | Court Below–Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N23C-03-122 |
| | § | |
| TFI TUTTI LLC, WOO YONG | § | |
| CHOI, and FLORIS TUTTI | § | |
| INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: March 2, 2026
Decided: April 27, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and their exhibits, it appears to the Court that:

(1)    Sono International Co., Ltd., a Korean company, approached Woo Yong Choi, an experienced and successful businessman, to help it enter the United States market.  The parties agreed that Choi and his company, TFI Tutti LLC, would use their industry relationships and real estate contacts to advance the expansion while Sono International—through its subsidiary, Sono America, Inc.—would supply the necessary capital. In 2016, the agreement was reduced to writing through

the formation of Daemyung Tutti, LLC and the execution of a Joint Venture Agreement (the "JVA") between TFI Tutti and Sono America. The JVA contains a forum-selection clause that requires any action arising under the JVA be brought in Delaware.

(2) In 2023, the plaintiffs filed suit against Sono America, asserting a range of claims, including breach of the JVA, fraud and misrepresentation, tortious interference with contract, and breach of the implied covenant of good faith and fair dealing. Sono America moved to dismiss the non-breach-of-contract claims. The Superior Court granted the motion, narrowing the case to a breach of contract dispute between the plaintiffs and Sono America. The plaintiffs then filed a second amended complaint, adding Sono International as a defendant, from which the plaintiffs sought relief under a veil-piercing/alter-ego theory.[1] Sono International moved to dismiss, arguing that the Superior Court could not exercise personal jurisdiction over it.

(3) On December 19, 2025, the Superior Court denied Sono International's motion (the "Decision"). Given the allegations in the operative complaint—namely, "that Sono America was completely dominated and controlled by Sono International; that Sono International provided funds whenever requested; that all

---

[1] Because the Court of Chancery has subject matter jurisdiction over this equitable claim, the Chief Justice of the Supreme Court designated the Superior Court judge assigned to the Superior Court action to sit as a Vice Chancellor to hear it.

material decisions were made by Sono International; that Sono America observed no separate corporate formalities; that [Sono America] had no independent business or financial base; and that [Sono America's] three employees exercised no independent decision-making authority"—the court concluded that it could exercise personal jurisdiction over Sono International under the alter-ego theory.[2]

(4)     Sono International asked the Superior Court to certify an interlocutory appeal of the Decision under Supreme Court Rule 42. Although Sono International conceded that the Decision did not relate to the merits of the underlying litigation, it maintained that interlocutory review was justified because the Decision "violate[d] two fundamental Delaware precepts: (1) the State's core policy of respecting the corporate form; and (2) the State's long-held embrace of the contractarian principle that only a signatory to a contract is bound by the contract."[3] Of the Rule 42(b)(iii) factors, Sono International expressly argued that factor H (interlocutory review would serve considerations of justice) weighed in favor of certification. The plaintiffs opposed the application.

(5)     On February 27, 2026, the Superior Court denied the application.[4] As a preliminary matter, the Superior Court concluded that the Decision did not decide a substantial of material importance meriting review before a final judgment—a

---

[2] *TFI Tutti LLC v. Sono Am., Inc.*, 2025 WL 3688737, at *4–7 (Del. Super. Dec. 19, 2025).
[3] Notice of Appeal, Ex. B at 7.
[4] *TFI Tutti LLC v. Sono Am., Inc.*, 2026 WL 560363 (Del. Super. Feb. 27, 2026).

threshold finding under Rule 42—because it did not affect the merits of the plaintiffs' claims. And the court disagreed with Sono International's suggestion that the court's pleading-stage personal-jurisdictional analysis involved anything other than the application of well-settled law to the unique facts of this case. Noting that it could end its analysis there, the court nevertheless addressed the considerations-of-justice factor cited by Sono International, concluding that it did not weigh in favor of certification. The court also considered the Rule 42(b)(iii) factors to which Sono International had alluded in its application and held that the Decision was not in conflict with other trial court decisions and that interlocutory review would not end the underlying litigation. Finally, the court determined that any benefits of interlocutory review were outweighed by the probable costs. We agree with the Superior Court's reasoning.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[5] Giving due weight to the Superior Court's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[6] and

---

[5] Del. Supr. Ct. R. 42(d)(v).
[6] Del. Supr. Ct. R. 42(b)(ii).

the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[7] Del. Supr. Ct. R. 42(b)(iii).